IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 8:09-446-TMC |
| | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Terrio Tyrell Jones, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Terrio Tyrell Jones' ("Jones'") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 91) and the government's Motion for Summary Judgment (ECF No. 109). For the reasons set forth below, the Government's motion is granted and Jones' motion is denied.

## I. Procedural History

On November 2, 2009, Jones pled guilty to possession of crack, powder cocaine, MDMA (Ecstasy) and marijuana with intent to distribute (Count One); possession of crack, powder cocaine, and MDMA with intent to distribute (Count Two); possession of crack with intent to distribute (Count Three); and possession of marijuana with intent to distribute (Count Four). On February 24, 2010, the district court sentenced Jones to 104 months imprisonment for Counts One, Two, and Three, and 60 months imprisonment for Count Four. On direct appeal, the Fourth Circuit Court of Appeals affirmed his sentence. On February 13, 2012, pursuant to the Fair Sentencing Act ("FSA"), Jones' sentence was reduced to 63 months for Counts One, Two, and Three.

## II. Standard of Review

To obtain relief on a motion under 28 U.S.C. § 2255, the movant must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the

sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Thus, a movant must establish either an error of "constitutional or jurisdictional magnitude" or an error which "could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). However, if a movant does not raise a claim on direct review, he may not raise it for the first time on collateral review unless the movant can show (1) cause and actual prejudice or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 621–22, (1998). If the movant cannot satisfy the cause and prejudice analysis, movant may be excused from default if the case falls "within 'the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). To do so the movant must establish through new evidence "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. With respect to the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III. Discussion

In this § 2255 motion, Jones argues that defense counsel was ineffective for failing to object to the inclusion of prior convictions when his criminal history points were tallied. Pursuant to his pre-sentence report ("PSR"), Jones had a criminal history category of III which entails an imprisonment range from 97 to 121 months under the sentencing guidelines. The points for the criminal history category were tallied from three prior offenses, including a possession of drug

paraphernalia conviction set forth in paragraph 21 and an ill-treatment of animals conviction set forth in paragraph 22.  Jones contends that he was denied his Sixth Amendment right to counsel in regard to these prior convictions, and therefore these convictions should not have been considered in assessing his criminal history level.

During Jones' sentencing hearing, defense counsel argued for the exclusion of the point from the paragraph 21 conviction and, because it did not change the criminal history category or the sentencing guideline range, the court allowed it. (ECF. No. 82 - Trans. of Sentencing Hr'g at 3-4).  In response to the Governments' Summary Judgment Motion, Jones concedes that paragraph 21 is no longer an issue and only paragraph 22 is relevant to this § 2255 motion. (ECF NO. 114 at 2).

As set forth above, to prove ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced by the deficient performance of counsel. *Strickland*, 446 U.S. at 687-88.  Both prongs must be met for a § 2255 motion to be granted and there is no particular order in which the prongs should be examined.  *Id.* at 697. Here, the prejudice prong will be discussed first because Jones is unable to show prejudice from the alleged deficient performance by his counsel.

The conviction in paragraph 22 of the PSR was for a first offense ill-treatment of animals, a misdemeanor punishable by imprisonment of not more than 60 days or a fine not less than $100 nor more than $500, or both. S.C. Code Ann. § 47-1-40 (2012). Petitioner was sentenced on April 24, 2004, to 30 days imprisonment or a $460 fine. He paid the fine on May 17, 2004. (ECF No. 69- PSR at 8).  The Supreme Court, in interpreting the United States Sentencing Guidelines, has stated, "sentencing courts may consider prior uncounseled misdemeanor convictions in calculating a defendant's criminal history if no sentence of imprisonment was imposed." *Prystock v. United States*, 2011 WL 1480137 (D.S.C. 2011)(citing *Nichols v. United States*, 511 U.S. 738 (1994)).  As Jones did not receive a  sentence of imprisonment, a point was correctly assigned to the conviction in paragraph 22.  Accordingly, Petitioner cannot show

actual prejudice from his counsel failing to object to the assignment of the point during the

sentencing hearing. *Strickland* at 687-88. Accordingly, Petitioner's motion to vacate, set aside

or correct a sentence pursuant to § 2255 is denied and Respondent's motion for summary

judgment is granted.

## IV. Conclusion

For the foregoing reasons, the Government's Summary Judgment Motion (ECF No.109)

is **GRANTED** and Jones' § 2255 Motion (ECF No. 91) is **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find both that his constitutional claims are debatable and that any

dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676,683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of

a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

> **IT IS SO ORDERED.**

s/Timothy M. Cain

United States District Judge

June 13, 2013
Anderson, South Carolina